# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CHARLES EVANS,** ) | **CASE NO: 8:09CV233** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **COTTON, Omaha Police Officer, and** ) | |
| **JOHN DOE, Cohort of Cotton,** ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff filed his Complaint in this matter on July 14, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on July 14, 2009, against Omaha Police Officer Cotton and John Doe. (Filing No. 1 at CM/ECF p. 1.) Plaintiff does not allege that he is incarcerated. (*Id.* at CM/ECF pp. 1-5.)

Condensed and summarized, Plaintiff alleges that on March 27, 2009, he was sitting in Billy Tyler's car when Cotton "illegally" arrested him without a "warrant." (*Id.* at CM/ECF pp. 1-2.) Although Plaintiff did not "commit[] any crime in defendant[']s sight" he was "charged with possession of a controlled substance and violations of the Sex Offender [A]ct." (*Id.* at CM/ECF p. 2.) Plaintiff asks the court to declare his arrest illegal and seeks $100,000,000.00 in damages. (*Id.* at CM/ECF p. 3.) He also asks the court to issue an injunction "estopping" Defendants from further violating his constitutional rights. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

2

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

    A.    *Plaintiff's Claims Against John Doe*

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Although Plaintiff's Complaint specifically describes Cotton's involvement in the alleged misconduct, it is silent as to John Doe, except for his name in the caption. Because Plaintiff's Complaint does not allege that John Doe committed a specific act, it fails to state a claim against John Doe upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly describe John Doe's involvement in the alleged misconduct. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

*B.  Plaintiff's Claims Against Cotton*

Liberally construed, Plaintiff's claims are brought pursuant to the Fourth and Fourteenth Amendments. "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986).

Here, Plaintiff alleges that Cotton illegally arrested him without a warrant. (Filing No. 1 at CM/ECF pp. 1-2.) He also alleges that he did not commit a crime within Cotton's sight. (*Id*.) Liberally construed, Plaintiff has set forth enough facts to nudge his claims across the line from conceivable to plausible. As a result, Plaintiff's Fourth and Fourteenth Amendment claims against Cotton may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Further, no summonses will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 9, 2009**, to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant John Doe. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant John Doe will be dismissed and this case will proceed against Defendant Cotton only as set forth in this Memorandum and Order;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. No summonses will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order;

4

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 9, 2009**; and

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 9th day of September, 2009.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.